**Gil Delatorre VELARDE, Petitioner–Appellant,**

v.

**Alberto R. GONZALES, Attorney General, Respondent– Appellee.**

**No. 04–71974.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Jan. 8, 2007.

---

John S. Rogers, Esq., Las Vegas, NV, for Petitioner–Appellant.

Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Legal Officer Office of the District Counsel, Department of Homeland Security San Francisco, CA, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit. Pennsylvania Ave., N.W, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Petitioner submits various claims seeking relief from removal on account of his status as a homosexual and, alternatively, on account of political opinion.

■ Petitioner alleges three incidents where he was ridiculed or harassed as a

result of his homosexuality. However, the statute under which Petitioner seeks relief requires persecution. 8 U.S.C. § 1158(b)(1); 8 C.F.R. § 208.13(b). Persecution is "the infliction of suffering or harm upon those who differ in a way regarded as offensive." *Desir v. Ilchert,* 840 F.2d 723, 727 (9th Cir.1988). It is an "extreme concept." *Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996). None of the three incidents of ridicule or harassment is sufficient to constitute past persecution. There also is no basis in the record for a claim of fear of future persecution based on Petitioner's homosexuality.

Although a failure to show persecution does not necessarily preclude CAT relief, Petitioner does not point to any additional evidence that the Immigration Judge should have considered in evaluating his CAT claim. Therefore, we must affirm the Immigration Judge's denial of relief on this claim as well. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

■ Finally, the record fails to show a well-founded fear of persecution or a likelihood of torture based on Petitioner's alleged spying against the New Peoples' Army. He received word in 1979 that the New Peoples' Army suspected him of spying, but he continued to visit New Peoples' Army camps for five years without incident. Moreover, the record shows that the New Peoples' Army's strength has substantially diminished since Petitioner left the Philippines. His alleged fear of persecution or torture by the New Peoples' Army is not well-founded.

PETITION DENIED.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.